IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LISA JACKSON,                        )
                                     )
            Plaintiff,               )
                                     )
      v.                             )     Case No.  4:22-cv-658
                                     )
GALLAGHER BASSETT SERVICES,          )
                                     )
            Defendant.               )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Gallagher Bassett Services, Inc.

("*Gallagher*") gives notice of the removal of this action to this Court from the Circuit Court of St.

Charles County, Missouri. Gallagher removes this case on grounds of diversity jurisdiction, and

Gallagher's Notice of Removal is based upon and supported by the following:

## THE STATE COURT ACTION

1.      Plaintiff Lisa Christeen Jackson ("*Plaintiff*" or "*Jackson*") commenced this action

on May 20, 2022, by filing her Petition in the case styled, *Lisa Jackson v. Gallagher Bassett*

*Services*, Case No. 2211-CC00471, in the Circuit Court of St. Charles County, Missouri (the "*State*

*Court Action*").  *See* Copy of State Court Action, attached as **Exhibit A**. Pursuant to 28 U.S.C. §

1446(a), copies of all process, pleadings, and orders served on Gallagher in the State Court Action

are attached as Exhibit A.

2.      On June 7, 2022, Gallagher was served with a copy of the summons and petition.

3.      This is an action alleging race discrimination and retaliation under the Missouri

Human Rights Act ("*MHRA*").

## VENUE

4.      Removal to this Court is appropriate because the State Court Action is pending in the Circuit Court of St. Charles County, Missouri, which is located in the Eastern District, Eastern Division's jurisdiction.  28 U.S.C. §§ 1441(a), 1446(a).

## TIMELINESS OF REMOVAL

5.      This Notice of Removal is timely because it is filed within the 30-day period prescribed by 28 U.S.C. § 1446(b). Notice of Removal must be filed on or before July 7, 2022 (30 days after service of the summons and petition).

## DIVERSITY JURISDICTION

6.      This action is properly removable under 28 U.S.C. § 1441(b), because the United States District Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1332(a), which provides, "The district courts shall have original jurisdiction of all civil actions where the matter is controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…."

7.      Plaintiff is a resident and citizen of the State of Missouri.  *See* Exhibit A, Petition at ¶ 1.

8.      For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The United States Supreme Court has interpreted the phrase "principal place of business" as used in this statute to "refer[] to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 80 (2010). Also known as the corporation's "nerve center," the company's principal place of business "will typically be found

at a corporation's headquarters." *Id*. at 81, 92-93, 95 (concluding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and that, "in practice," it "should normally be the place where the corporation maintains its headquarters - provided that the headquarters is the actual center of direction, control, and coordination, ... and not simply an office where the corporation holds its board meetings"); *see also Quality Res., Inc. v. Pfizer, Inc.,* 2014 U.S. Dist. LEXIS 148532, *4-5 (E.D.Mo. 2014).

9.      Prior to and on the filing date of the State Court Action, as well on the date of this Notice, Gallagher Bassett Services, Inc.[1] was and still is incorporated under the laws of the State of Delaware, and maintains its principal place of business in Rolling Meadows, Illinois.

10.      For the purposes of determining diversity jurisdiction, Gallagher is a citizen of the States of Delaware and Illinois. Gallagher Bassett is not, and has never been, incorporated or organized under the laws of the State of Missouri, nor has it ever had its corporate headquarters or principal place of business located in Missouri.

11.      Complete diversity of citizenship exists between Plaintiff (Missouri) and Defendant (Delaware/Illinois).

### AMOUNT IN CONTROVERSY

12.      The amount in controversy in this matter exceeds $75,000.

---

[1] Plaintiff's state court Petition names "Gallagher Bassett Services" as the sole defendant, and alleges that Gallagher Bassett was her employer.  In fact, Plaintiff's employer is "Arthur J. Gallagher Service Company, LLC," which is also a wholly-owned subsidiary of Arthur J. Gallagher & Co. (the same as Gallagher Bassett Services, Inc.).  Defendant will address the issue of whether the named defendant is a proper party through separate motion. But, for the purposes of the Notice of Removal, the state of incorporation and principal place of business for the named defendant (Gallagher Bassett) and the proper defendant (Arthur J. Gallagher Service Company, LLC) are identical, and do not affect the substance of this Notice of Removal.

13.     Plaintiff prays for judgment including compensatory and punitive damages, costs and attorney's fees[2]. *See* Exhibit A, "wherefore" clause for each count.

14.     The MHRA allows for potential recovery of compensatory damages, punitive damages, court costs, and attorney's fees.  Courts also consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *Allison v. Sec. Ben. Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

15.     The amount in controversy is met if a fact finder "might legally conclude" that the damages exceed $75,000, including actual damages, punitive damages, and attorney fees. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are."). "What matters is what is ***possible***, not what is ***likely***; if it is possible for the plaintiff to recover more than $75,000, the amount-in-controversy requirement is met." *Newbauer v. Hill-Rom Co. Inc.*, 2018 WL 2411617, at *1 (D. Minn. May 29, 2018) (emphasis in original); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). In establishing the amount in controversy, "Defendant's burden is a pleading requirement and not a demand for proof." *Spight v. Caterpillar, Inc.*, 2016 WL 3546411, at *2 (W.D. Mo. June 24, 2016).

16.     Recent verdicts and judgments in discrimination cases in various Missouri courts have far exceeded $75,000.  On October 25, 2019, Judge Vincent entered final judgment in an

---

[2] Plaintiff seeks an award of attorneys' fees, although her original petition was filed *pro se*.

4

MHRA case in the amount of $19,970,000.00 (Case No.: 17SL-CC00133, *Wildhaber v. St. Louis County, Missouri*). On February 2, 2018, the Honorable Justine E. Del Muro entered final judgment in an MHRA case in the amount of $356,694.69 and $662,862.50 in attorneys' fees (Case No. 1516-CV25112, *Jones v. City of Kansas City, Mo.*). On January 25, 2018, the Honorable Jack R. Grate entered final judgment in an MHRA case in the amount of $341,000 for actual damages and punitive damages (Case No. 1616-CV11175, *Stubbs v. Independence Sch. Dist., et al.*).

17.     Even in the relatively conservative venue of St. Charles County Circuit Court, judgments in discrimination cases have easily exceeded $75,000. *See, e.g., Kennedy v. Dealer Protection LLC*, Case No. 1711-CC00134. (returning a jury verdict for $297,414.30 plus costs); *Rodney Zerr v. St. Charles County, Missouri*, Case No. 1111-CV11435 (returning a jury verdict for $297,650.00).

18.     Courts in the Eighth Circuit have found that, in discrimination cases even where the actual damages are as low as $35,000, the other damages available are more than adequate to meet the amount in controversy. *White v. United Parcel Serv.*, 2012 WL 760936, at *3 (E.D. Mo. Mar. 8, 2012) (finding the amount in controversy was met, even though the lost wages appeared to be around only $35,000 and the party was proceeding *pro se* and would not incur attorney fees, because alleged damages associated with emotional distress and punitive damages brought the amount in controversy above $75,000); *Jarrett v. Henkel Corp.*, 2016 WL 407301, at *2 (W.D. Mo. Feb. 2, 2016) (finding amount in controversy met in a discrimination case where the actual damages were about $40,000); *Polites v. Home Depot U.S.A., Inc.*, 2013 WL 2420674, at *2 (E.D. Mo. June 3, 2013) (denying motion to remand in MHRA case where compensatory damages were alleged to be $44,000, and stating, "even assuming that Plaintiffs' actual damages are less than

5

$75,000, Polites' demand for punitive damages, damages for emotional distress, and attorneys' fees would increase this amount.").

19.     Based on the allegations in the Petition (but without making any admissions as to the merits thereof), there is legal certainty that the amount in controversy exceeds $75,000. *See Hirschmugl v. State Farm Fire & Casualty Co.*, 2019 WL 1557090, \*2 (E.D. Mo. Apr. 10. 2019) (standard for determining whether a plaintiff's claim meets the amount in controversy is whether the fact finder "*might* legally conclude" that a plaintiff's damages are greater than $75,000) (citing *James Neff Krampfer Family Farm v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005)).

20.     Accordingly, the preponderance of the evidence demonstrates that, if Plaintiff prevails on her claims, her damages and attorneys' fees will exceed $75,000 and the jurisdictional amount in controversy requirement is met.

21.     Because the diversity requirements under § 1332(a)(1) are met and the amount in controversy exceeds $75,000, this action is removable under § 1441(a).

## NOTICE PROVIDED TO PLAINTIFF AND STATE COURT

22.     Pursuant to 28 U.S.C. § 1446(d), Gallagher has given written notice of its filing of this Notice of Removal to Plaintiff.  On the same date as this Notice of Removal was signed, Gallagher served by mail a copy of this Notice of Removal upon Plaintiff at the address set forth in the Petition.

23.     On the same date as this Notice of Removal was filed, Gallagher also filed a copy of this Notice of Removal with the Circuit Court of St. Charles County, Missouri, the state court in which this action was commenced and pending at the time this Notice of Removal was filed.

WHEREFORE, Defendant Gallagher Bassett Services respectfully requests that the above-entitled action now pending against it in the Circuit Court of St. Charles County, Missouri, be removed to this Court.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Melissa M. Pesce*
Melissa M. Pesce, MO 46814
7700 Bonhomme Avenue, Suite 650
St. Louis, MO  63105
Telephone:  314.802.3935
Facsimile:  314.802.3936
melissa.pesce@ogletree.com

ATTORNEYS FOR DEFENDANT
GALLAGHER BASSETT SERVICES, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 21st day of June, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served via electronic mail and first class U.S. Mail, postage prepaid upon the following:

Ms. Lisa Christeen Jackson
116 Sweet Cherry Way
Wildwood, MO 63040

/s/ *Melissa M. Pesce*
ATTORNEYS FOR DEFENDANT
GALLAGHER BASSETT

8